1 Julio Alvarado-Reyes et al. v. Merrick B. Garland Two such cases relating to social distinction are Socop v. Holder and Mendez-Berrera v. Holder. And in both of those, this court held that it was the record itself that lacked sufficient evidence to show that members are perceived as a group by society. In Montoya-Lopez, this court held that any visibility was in relation only to the persecutors themselves. Here, this record, including the UNHCR's findings, as well as several expert declarations of experts in the conditions of El Salvador in relation to gangs, have held that society at large recognizes that these acts of defiance set you apart because you're at extreme risk of violent reprisal. So while true that there exists the precedent noted by respondent, it's not a categorical bar on such a social group, so long as you can establish the requisite social distinction and particularity. A substantive review, which was not engaged in by the immigration judge, rather he relied solely on that body of precedent, it fails to engage in that fact-specific inquiry. You have told us today there are also periodicals within the record. Yes, footnotes in those reports, yes. Any other specific factual support within the record that would answer Judge Thompson's question? That would be the petitioner's testimony declaration, as well as I don't know the exact number, but there were substantial supporting declarations from other members of the community, neighbors who knew about this, who also speak to not just the motivation for the resistance, but the fact that this is a common occurrence and understood within the community. Thank you.